J-S12008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TRACEY E. DOWNING | |
| Appellant | No. 1687 EDA 2015 |

Appeal from the Judgment of Sentence April 7, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0000779-2015

BEFORE:  MUNDY, J., OLSON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:            **FILED FEBRUARY 09, 2016**

Appellant, Tracey E. Downing, appeals from the April 7, 2015 judgment of sentence of one to two years' imprisonment in a state correctional institution, imposed by the trial court after Appellant entered an open guilty plea to one count of retail theft and one count of simple assault.[1] With this appeal, Appellant's counsel has filed a petition to withdraw and an **Anders**[2] brief, stating that the appeal is wholly frivolous.  After careful review, we affirm and grant counsel's petition to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3929(a) and 2701(a)(1), respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967).

The trial court summarized the relevant factual and procedural history of this case as follows.

> On January 1, 2015, police responded to a Wal-Mart store located in Bensalem Township, Bucks County, Pennsylvania, to investigate the report of a theft. Upon arriving at the scene, Wal-Mart security advised police that a black male, later identified as Appellant, had exited the store with six watches worth a combined value of $239.84. As store security attempted to stop Appellant, Appellant shoved an employee, causing the employee to hit her head against the wall. Appellant was then located a short distance away from the Wal-Mart and was identified as the perpetrator by Wal-Mart security.
>
> On April 7, 2015, Appellant entered an open guilty plea to one count of retail theft and one count of simple assault. The retail theft conviction was graded as a felony of the third degree because Appellant has an extensive criminal history including over ten convictions for retail theft. Appellant was sentenced on the retail theft conviction to twelve to twenty-four months incarceration in a state correctional institution. [No further penalty was imposed for the simple assault conviction.] Thereafter, Appellant filed a Motion for Reconsideration of Sentence. After a hearing held May 11, 2015, Appellant's Motion was denied. Appellant then timely filed [a] Notice of Appeal to the Superior Court of Pennsylvania.[3]

_____

[3] On June 11, 2015, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant complied on June 26, 2015. The record does not indicate that Appellant filed a response to the **Anders** brief.

Trial Court Opinion, 7/7/15, at 1-2 (citations to notes of testimony and footnotes omitted).

In the **Anders** Brief, counsel has raised the following issues for our review.

1. Whether counsel's petition to withdraw and request for dismissal of the appeal should be granted where counsel has diligently investigated the possible grounds of appeal and finds the appeal frivolous?

2. Did the sentencing court abuse its discretion by imposing a sentence that was excessive in that it exceeds what is necessary to protect the public and rehabilitate the Appellant?

**Anders** Brief at 4.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). Additionally, an **Anders** brief shall comply with the requirements set forth by our Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

[W]e hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that

> have led to the conclusion that the appeal is frivolous.

*Id.* at 361.

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005), and its progeny, counsel seeking to withdraw on direct appeal must also meet the following obligations to his or her client.

> Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*), *quoting* **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004). Further, "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citation omitted).

In this appeal, we conclude that counsel's *Anders* brief complies with the requirements of *Santiago*. First, counsel has provided a procedural and factual summary of the case with references to the record. Second, counsel advances relevant portions of the record that arguably support Appellant's claims on appeal. Third, counsel concluded, "Appellant's counsel has diligently investigated the possible grounds and finds the appeal frivolous. Undersigned counsel can find no argument that arguably supports Appellant's appeal." *Anders* Brief at 16. Lastly, counsel has complied with the requirements set forth in *Millisock*. *See* Letter from Counsel to Appellant, dated 8/17/15. As a result, we proceed to conduct an independent review to ascertain if the appeal is indeed wholly frivolous.

Appellant asserts that the trial court abused its discretion by imposing a sentence "that was excessive in that it exceeds what is necessary to protect the public and rehabilitate the Appellant." *Anders* Brief at 12-15.[4] At the outset, we note that Appellant's argument pertains to the discretionary aspects of his sentence. "Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all non[-]jurisdictional defects except the legality of the sentence and the validity of the plea." *Commonwealth v. Lincoln*, 72

---

[4] At the May 11, 2015 hearing on Appellant's post-sentence motion to reconsider sentence, Appellant did not offer any new information, but rather expressed his desire to be incarcerated in a county facility with work release eligibility. N.T., 5/11/15, at 2-3.

A.3d 606, 609 (Pa. Super. 2013) (citation omitted), *appeal denied*, 87 A.3d 319 (Pa. 2014). However, when a defendant's plea is an open guilty plea, he or she does not waive claims regarding the discretionary aspects of the sentence "because there was no agreement as to the sentence [the defendant] would receive." ***Commonwealth v. Hill***, 66 A.3d 359, 363 (Pa. Super. 2013) (citation omitted). Nevertheless, "[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." ***Commonwealth v. Tobin***, 89 A.3d 663, 666 (Pa. Super. 2014) (citation omitted). When an appellant makes an argument pertaining to the discretionary aspects of the sentence, this Court considers such an argument to be a petition for permission to appeal. ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*) (citation omitted), *appeal denied*, 104 A.3d 1 (Pa. 2014). "[A]n [a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted).

Prior to reaching the merits of a discretionary aspects of sentencing issue, this Court is required to conduct a four-part analysis to determine whether a petition for permission to appeal should be granted. ***Commonwealth v. Trinidad***, 96 A.3d 1031, 1039 (Pa. Super. 2014)

(citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014). Specifically, we must determine the following.

> (1) [W]hether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

*Id.*

Instantly, Appellant filed a timely motion for reconsideration of sentence and notice of appeal. Also, the **Anders** brief includes a Rule 2119(f) statement. **Anders** Brief at 12-13. We therefore proceed to address whether Appellant has raised a substantial question for our review.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Edwards**, 71 A.3d 323, 330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Id.** (citations omitted). "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine

whether a substantial question exists." ***Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa. Super. 2012).

In this case, Appellant avers that the trial court abused its discretion based on the following claims.

> The sentencing court failed to properly weigh the mitigating factors presented by Appellant. Moreover, the imposition of a state correctional institute sentence was unreasonable when considering the gravity of the offense, the need to protect the public and Appellant's rehabilitative needs.

Appellant's Pa.R.A.P. 2119(f) Statement, ***Anders*** Brief at 13.

This Court has long recognized that "an allegation that a sentencing court … did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate." ***Commonwealth v. Johnson***, 961 A.2d 877, 880 (Pa. Super. 2008), *appeal denied*, 968 A.2d 1280 (Pa. 2009); ***see also Commonwealth v. Bullock***, 868 A.2d 516, 529 (Pa. Super. 2005), *affirmed*, 913 A.2d 207 (Pa. 2006), *cert. denied*, 550 U.S. 941 (2007). Furthermore, this Court has held that an argument that the trial court failed to consider certain mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review. ***Commonwealth v. Ratushny***, 17 A.3d 1269, 1273 (Pa. Super. 2011); ***accord Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010). Consequently, Appellant has failed to a raise a substantial question for our review. ***See Edwards***, ***supra***.

We note that even if we were permitted to address the merits, Appellant would not be entitled to relief. The trial court explained Appellant's sentence, stating "[i]n light of Appellant's significant criminal history, and because the sentence fell within the standard range of the sentencing guidelines, the trial court did not abuse its discretion..." Trial Court Opinion, 7/7/15, at 2. The trial court further commented that "[i]n imposing [Appellant's] sentence, the trial court considered Appellant's extensive criminal history, which included one felony conviction and sixteen misdemeanor convictions; over ten of which were for theft related offenses. N.T., 4/7/2015, pp. 13-14." The trial court expressed its rationale more bluntly at sentencing, and after hearing Appellant's motion for reconsideration of sentence, as follows.

> Well, it appears that [Appellant] is a career criminal and a poor one. I can't give [Appellant] a sentence that is not one of total confinement in a state correctional facility. To do so would be to ignore [Appellant's] history. And, of course, the fact that [Appellant] assaulted somebody while committing this offense.

N.T., 4/7/15, at 12.

> I want to be more lenient to [Appellant], but I have an obligation to the community as well.
>
> It's one thing for somebody to stand before me on their second, third, fourth matter, but when you get to your fifth, sixth, seventh, the game changes. Your ninth, tenth, eleventh, it ups again. When you get to number 17 and 18, [Appellant] pretty much took the matter out of [the trial court's] hands.

N.T., 5/11/15, at 5-6.

Based on the foregoing, we agree with counsel that Appellant's sentencing issue lacks merit. In addition, we have reviewed the certified record consistent with *Flowers* and have discovered no additional arguably meritorious issues. Accordingly, we grant counsel's petition to withdraw and affirm the April 7, 2015 judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2016